# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

RYAN PRICE-WILLIAMS, :

    Plaintiff, :

vs. : CA 09-0693-C

ADMIRAL INSURANCE COMPANY, :
*et. al.*,

    Defendants. :

## MEMORANDUM OPINION AND ORDER

This cause is before the undersigned on the removal petition (Doc. 1), Plaintiff's Motion to Remand (Doc. 4), Defendant Admiral Insurance Company's Response in Opposition (Doc. 6) to the remand motion, and Plaintiff's Reply (Doc. 7) thereto. Upon consideration of the foregoing pleadings and with the benefit of a hearing before the undersigned on December 3, 2009, the Court hereby **GRANTS** Plaintiff's motion to remand and **REMANDS** this case to the Circuit Court of Mobile County, Alabama from whence it came.[1]

**I.   Background.**

On October 6, 2009, Plaintiff filed a complaint in the Circuit Court of Mobile County, Alabama, asserting a claim under Code of Alabama §

---

[1] Because this case is remanded, Plaintiff's Motion to Strike (Doc. 7) is deemed **MOOT**.

27-23-2 (1975).[2] That complaint averred that Defendant Gabriel K. Dean is a resident of Alabama, that Defendant Charles Brandon Baber is a resident of Mississippi, and that Defendant Admiral Insurance Company is a foreign corporation doing business in Alabama. (Doc. 1, p. 9.)

In Defendant's removal petition filed October 22, 2009, however, Admiral Insurance Company ("AIC") contends that removal is proper based on diversity of citizenship, namely that Defendant Gabriel K. Dean is actually a resident of *Montana*, not Alabama, and therefore the parties are diverse in their citizenship. (Doc. 1, p. 4.)

> Gabriel K. Dean is the final named [d]efendant. Plaintiff's Complaint lists Dean as a resident of Alabama; however, upon research of available public records, including but not limited to real property records and motor vehicle registrations, counsel for Defendant has found [that] Dean is a resident of Montana. A teleconference with Dean's

---

[2] Ala. Code § 27-23-2 states:

> Upon the recovery of a final judgment against any person, firm, or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury, or death or for loss or damage to property, if the defendant in such action was insured against the loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurer and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within 30 days after the date when it is entered, the judgment creditor may proceed against the defendant and the insurer to reach and apply the insurance money to the satisfaction of the judgment.

*Id*.

stepmother, Cheryl Dean, who resides at the Wetumpka
address listed by Plaintiff in his summons, confirmed Dean is
a resident of Montana and has not lived in Alabama for three
to four years. Dean has not been served in this matter.

(*Id.*)

Contrarily, in Plaintiff's Motion to Remand (Doc. 4), it is noted that "pre-suit investigation conducted by Plaintiff indicated that Defendant Gabriel Dean is a legal resident of Wetumpka, Alabama." (Doc. 4, ¶ 3.) Defendant, in turn, attached an affidavit from Defendant Dean's stepmother to its response in opposition to Plaintiff's remand motion which attests that Defendant Dean has not resided in Alabama for at least *eight* years, and that he indeed resides in Montana. (Doc. 6, p. 5-6.) Finally, on December 3, 2009, Plaintiff filed a reply (Doc. 7) to AIC's response to their remand motion in which they moved to strike Ms. Dean's "conclusory" testimony, which they label as "hearsay evidence." (Doc. 7, p. 1.) Plaintiff mentions a telephone conversation with Ms. Dean during which Ms. Dean refused to state where her stepson lived or to provide Plaintiff's counsel with Gabriel Dean's phone number. (*Id*. at 2.) Although Ms. Dean did mention that her stepson was working in Montana, she at no time stated that he was a resident of Montana. (*Id.*) As a result of this conversation, Plaintiff's counsel has formed the opinion that Ms. Dean has little to no direct knowledge of her stepson's whereabouts and therefore that her opinion

"should not be considered by this Court relative to Plaintiff's Motion for Remand." (*Id.*)  Plaintiff concludes by correctly noting that residency is not synonymous with citizenship in the removal context, and that the Court is constrained to looking at the jurisdictional facts as they are presented at the time of removal, making Ms. Dean's affidavit of marginal use at this stage of the proceedings.  (*Id*. at 2-3.)

**II.     Discussion.**

"Any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996) (citing 28 U.S.C. § 1441(a)), *abrogated on other grounds by Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir. 2000).  Federal courts may exercise diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states.  28 U.S.C. § 1332(a)(1).  However, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. . . . Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *University of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 411 (11th Cir. 1999).

"[T]he party invoking the court's jurisdiction bears the burden of

proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002); *see also Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 n.4 (11th Cir. 1998) (citation omitted) ("[T]he removing party bears the burden of demonstrating federal jurisdiction."); *Tapscott*, 77 F.3d at 1356 ("A removing defendant has the burden of proving the existence of federal jurisdiction."). Therefore, the burden in this case is on AIC to establish complete diversity, or that each defendant is diverse from the plaintiff, *Triggs*, 154 F.3d at 1287 (citation omitted), and also to establish by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement, *Tapscott*, 77 F.3d at 1357 ("[W]e hold where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $50,000 jurisdictional requirement.").

Because there is no question that the $75,000 jurisdictional requirement has been satisfied– the complaint clearly requests over $1,250,000 from Defendants– the only issue is whether the citizenship of each plaintiff is diverse from the citizenship of each defendant. (Doc. 1, p. 11-12.) In this regard, "'citizenship' means 'domicile.'" *Audi Performance & Racing, LLC v. Kasberger*, 273 F.Supp.2d 1220, 1226 (M.D. Ala. 2003);

*see also McCormick, supra*, 293 F.3d at 1257 ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction."); *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir.) ("For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient."),[3] *cert. denied,* 419 U.S. 842, 95 S.Ct. 74, 42 L.Ed.2d 70 (1974), and, therefore, "the burden on the question of [Defendant Dean's] domicile rests with defendant[] because it is [AIC] who seek[s] the federal forum." *Slate*, 444 F.Supp.2d at 1216 (citations omitted); *see also Mas*, 489 F.2d at 1399 ("The burden of pleading the diverse citizenship is upon the party invoking federal jurisdiction . . . and if the diversity jurisdiction is properly challenged, that party also bears the burden of proof.").[4]

It should also be noted here that AIC's burden in proving that Defendant Dean is domiciled in Montana is substantially increased by the legal presumption that he is an Alabamian. In *Kasberger*, the Court raises the concept of legal presumptions of domicile. "In determining domicile, a court should consider both positive evidence and presumptions," explaining

---

[3] "[A] critical distinction emerges between residence and domicile. As a matter of law, a person residing in a particular state is not necessarily domiciled there, and therefore is not necessarily a citizen of that state. That said, while the two concepts are analytically distinct, a party's place of residence is *prima facie* evidence of his domicile." *Slate v. Shell Oil Co.,* 444 F.Supp.2d 1210, 1215 n.9 (S.D.Ala. 2006) (citations omitted).

[4] Decisions of the former Fifth Circuit handed down prior to September 30, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

that "once an individual has established a domicile, he remains a citizen there until he satisfies the mental and physical requirements of domicile in a new state." *Kasberger*, 273 F.Supp.2d at 1226 (internal citations and quotations omitted). *See also Slate v. Shell Oil Co.*, 444 F.Supp.2d 1210, 1216 (S.D.Ala. 2006) (same).

> The effect of this presumption is to put a heavier burden on a party who is trying to show a change of domicile than is placed on one who is trying to show the retention of an existing or former one . . . Once a person establishes a domicile, it *continues* until the person establishes a *new* domicile.

*Kasberger*, 273 F.Supp.2d at 1226 (citing *Brown v. TranSouth Finan. Corp.*, 897 F.Supp. 1398, 1402 (M.D.Ala. 1995)) (emphasis in original). Defendant Dean's established address in Wetumpka, Alabama thus adds significant difficulty to AIC's quest to prove that complete diversity indeed exists between the parties, especially considering the paucity of evidence on the record, where we have only conclusory statements from Defendant Dean's stepmother that he is a resident of Montana.⁵ As will be shown, AIC's attempt falls far short of the mark regarding Dean's citizenship.

*Kasberger* continues by explaining the process of determining whether a domicile has been established:

---

⁵ It should be noted that in her sworn affidavit, Gabriel Dean's stepmother admitted that Defendant Dean indeed resided in Wetumpka, Alabama at some point roughly four to eight years ago, the discrepancy owing itself to a handwritten correction in the affidavit. (Doc. 6, p. 5.)

7

> Courts examine numerous specific objective facts to determine whether a domicile has been established; these facts include: location of employment; home ownership and ownership of other real property; location of one's household furnishings; registration and title to one's automobiles' driver's licensing; voter registration; payment for utilities; banking; acquiring a telephone number and listing it; receiving mail; and establishing membership in local professional, civic, religious, or social organizations.

*Kasberger*, 273 F.Supp.2d at 1226 (citing *Rayfield v. Nat'l Auction Group, Inc.*, 878 F.Supp. 203, 206 (M.D.Ala. 1995)). The use of this listing of the components of citizenship, also known as the *Rayfield* factors, is fairly ubiquitous. Indeed, "[a] person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom[.]'" *Mas,* 489 F.2d at 1399 (citations omitted). Or, as this Court has already stated:

> Determination of a party's domicile requires a "totality of the circumstances" approach weighing a constellation of objective facts, no single one of which is entitled to controlling weight. Among the numerous indicia considered are the state(s) where civil and political rights are exercised, where taxes are paid, where real and personal property are located, where driver's and other licenses are obtained, where mail is received, where telephone numbers are maintained and listed, where bank accounts are maintained, where places of business or employment are located, and where memberships in local professional, civil, religious or social organizations are established. In addition to these objective criteria, the domicile inquiry also considers a party's subjective statements of intent, although such representations are not dispositive.

*Slate*, 444 F.Supp.2d at 1215 (internal citations and footnotes omitted). *See*

*also Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954) (relating that "the actual fact of residence and a real intention of remaining there, as disclosed by [a person's] entire course of conduct, are the controlling factors" in determining a litigant's domicile).

As mentioned earlier, Defendant's removal petition posits that "research of available public records" confirmed by Dean's stepmother indicates that he "is a resident of Montana." (Doc. 1, p. 4.) It bears repeating, however, that "[r]esidence alone is not the equivalent of citizenship, although the place of residence is prima facie the domicile; and citizenship is not necessarily lost by protected absence from home, where the intention to return remains." *Stine*, 213 F.2d at 448. *See also McAllister v. Henderson*, 698 F.Supp. 865, 870 (N.D. Ala. 1988) (internal citations omitted) (noting that "[d]iversity of citizenship, not of residence, is required under 28 U.S.C. § 1332" and that "[a]n allegation of residence is insufficient to establish diversity jurisdiction."); *Mitchell v. Mackey*, 915 F.Supp. 388, 391 (M.D. Ga. 1996) (internal citations omitted) (stating that while "'[c]itizenship and 'domicile' are synonyms for purposes of diversity jurisdiction . . . [r]esidence, however, is not the equivalent of either citizenship or domicile."). Defendant AIC's bare contention that Defendant Dean is a "resident" of Montana, therefore, does not satisfy its preponderance of the evidence burden that complete diversity exists in the

present case. Looking solely at the removing documents (the petition for removal, with attachments, including the complaint), this Court simply cannot find that ACI has established by a preponderance of the evidence that Defendant Dean was domiciled in Montana in October of 2009, when this case was removed from the Circuit Court of Mobile County, Alabama.

A consideration of the other evidence supplied to the Court by AIC fails to yield a different result. This is because the extraneous evidence presented by AIC– an affidavit from Defendant Dean's stepmother attached to AIC's response to Plaintiff's remand motion– directs its focus, much like AIC's removal petition, on facts pertaining to Dean's *residence*, not citizenship or domicile. The affidavit clearly states that "Gabriel K. Dean does not currently reside [in Alabama]," that "Gabriel K. Dean has not resided [in Alabama] for at least eight years," and that Dean "currently resides in Montana." (Doc. 6, p. 5-6.) Just as importantly, neither the affidavit nor anything in the removal petition itself comes close to satisfying *any* of the aforementioned *Rayfield* factors. From the "totality of the circumstances" standpoint prescribed by *Slate*, then, the information adduced satisfies neither AIC's standard burden of proving by a preponderance of the evidence that Defendant Dean was domiciled in Montana in October of 2009 nor the heightened burden they face when attempting to change Dean's established Alabaman citizenship. Remand is

clearly required in this action.

### III. Conclusion.

Based upon the foregoing, Plaintiff's Motion to Remand (Doc. 4) is **GRANTED**. Accordingly, this case is **REMANDED** back to the Circuit Court of Mobile County, Alabama, from whence it came.

**DONE** and **ORDERED** this the 28th day of January, 2010.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE